Hodo *vs.* Johnson & Heath.

---

FRANCES HODO, plaintiff in error, *vs.* JOHNSON & HEATH, defendants in error.

1. The widow and minor children of a deceased person are entitled, as against creditors, to a homestead, to be laid off just as it would have been upon the application of the husband and father, prior to his death.
2. When the schedule is filed, if any creditor of the deceased desires to object to it, for any of the causes specified in the statute, the objection must be made in writing, and must state the cause of such objection so plainly that it can be easily understood, and that the applicant may have an opportunity so to alter said schedule or plat, if thought advisable, as to obviate the objection without the appointment of appraisers by the Court.

Homestead.    Practice.    Before Judge ANDREWS.    Warren Superior Court.    November, 1869.

Hodo made a will directing that his estate be equally divided between his widow and his eight children when the youngest was twenty-one years old.    He died, and his will was probated in 1862.

Mrs. Hodo, his widow and mother of his minor children, petitioned for a homestead and exemption of personalty out of the estate of her deceased husband.    The schedule of personalty specified household and kitchen furniture, cattle, hogs, etc., farming utensils, etc., footing up in value $633 00, and the plat of realty embraced some five hundred acres of oak and hickory lands.    Johnson & Heath, creditors of her husband, objected because the schedule did "not contain money and other property, owned and possessed by the applicant; because the assets of said estate were sufficient to pay the

debts of said estate, and have been misapplied; because the property of the estate sought to be exempted is worth more than the exemption allowed by law; and because it is the property of said husband." The schedule was amended by averring that there was no money, stocks, or bonds, and but one worthless note. The Ordinary granted the homestead and exemption as prayed for, and the creditors appealed.

Her counsel contended that before a creditor could attack the return of the county surveyor, he must so specifically state his objections that the applicant can have the return amended so as to avoid such objections, or that the Ordinary can appoint commissioners, as provided by the Act, and because this was not done, he contended that no issue had been submitted to or tried by the Ordinary, and that therefore the appeal was a nullity. The Judge ruled adversely to this, and the trial proceeded upon the objections aforesaid.

The proceedings below were shown, witnesses were examined *pro* and *con.*, and evidence was introduced as to the value of the estate, etc. The Court instructed the jury that under the Homestead Act it was not allowable for a widow either for herself or the minor children of deceased, to have a homestead set apart, etc. The jury found against the applicant. Said ruling and charge are assigned as error.

JAMES S. HOOK, for plaintiff in error.

No appearance for defendants in error.

BROWN, C. J.

1. This Court held, during this term, in the case of *Ruff & Company vs. William M. Johnson,* that the minor children of a deceased person are entitled as against creditors to a homestead out of the estate of their deceased father, and we are unable to see why this case does not fall within the principle there decided. Section 12 of the Act of 3d October, 1868, declares that "said property so set apart shall be for the use of the wife, or widow and children, during her life or widowhood, and at her death or intermarriage to be equally divided," etc. This shows clearly that the widow, as well as the minor

children, is a beneficiary under this Act; and it follows that the widow may apply and have the homestead laid off out of the estate of her deceased husband, for the benefit of herself and the minor children of the deceased.

It is objected, that at the death of the husband the property does not pass to the widow and minor children, but to the representatives of the estate, for the benefit of creditors, and after they are satisfied, to the heirs generally, and that no family is entitled to a homestead out of the property which does not belong to them.· The reply is, 'that the Constitution gives them a lien or claim upon it, in the lifetime of the husband and father, higher than any claim of any creditor, except such as fall within the exceptions contained in the Constitution, and higher than the claim of the father or husband himself in a contest between him and the family.

Section 13 of the Act above mentioned provides, in case any husband shall refuse to apply for said exemption, his wife, or any person acting as her next friend, may do the same, and it shall be as binding as if done by the husband. Should any trustee or guardian of a famility of minor children fail to apply for said exemption, the Ordinary may, upon application of any next friend for the minors, allow him or her to act in lieu of such trustee or guardian, and this shall be as binding as if done by said guardian or .trustee.

Under this section the husband can not defeat the exemption by failure or refusal to apply for it, and on the application of the wife or next friend, it will be laid off and allowed notwithstanding his dissent. If, then, the husband cannot defeat the homestead in his 'lifetime, in case the wife applies for it, how does his death defeat it?

It is true his estate descends at his death to his legal representatives, but it descends as he held it, subject to the claim of the family for the homestead, and the creditors have no more right to object in the one case than in the other. It could not have been the intention of the Legislature that this humane provision in favor of the wife and minor children, which avails them while the husband and father is in life as their natural guardian and protector, shall be swept away by

his death, and they be left homeless without his assistance. There are much stronger reasons why they should have a homestead out of his estate when they are deprived of his protecting care than out of his property while he is in life, to aid and comfort them.

2. It is the right of the creditor to appear at the proper time, and object to the schedule filed by the applicant, for any of the causes specified in the statute. But such objections must be in writing, and must plainly and distinctly set forth the grounds of objection, so that they may be understood by the applicant, and by the Court. It is the right of the applicant to amend the schedule, or the plat of the land, after the survey, so as to obviate the objections, which, if done, prevents the appointment of appraisers by the Ordinary. To be able to determine whether he or she will make the amendment, or abide the judgment of the Court upon the objections made, the applicant has a right to be distinctly informed of the nature of the objections. The simple objection that the amount allowed is too large is not sufficient. It should state how much too large, or in what it is erroneous or unjust.

As we have heretofore held, a creditor whose debt falls within any of the exceptions in the Constitution and Homestead Act, as that it is for the purchase-money of the property claimed as a homestead, or the like, is not bound to pay any attention to the proceeding before the Court to lay off the homestead. As the property is not exempt from the payment of his debt, the fact that the homestead has been laid off in no way prejudices his rights. And if his debt be in judgment, he may have it levied upon the property as well after the homestead has been laid off and set apart as before the proceeding was commenced. Judgment reversed.

McCay, J., concurred, but wrote out no opinion.

Warner, J., dissenting.

It appears from the record in this case that David E. Hodo died, leaving a will, which was admitted to probate on the 5th day of May, 1862, *six years before the Homestead Act*

Hodo *vs.* Johnson & Heath.

*was passed.* The testator, at the time of his death, left a widow and eight children, three of whom only were minors. The testator, by his will, devised and bequeathed the property, out of which the homestead is now claimed, to his widow and eight children, to be equally divided between them when the youngest child became of age. The widow, as the head of a family, now claims a homestead out of the entire property of the testator, including his real and personal property, to the value of $3,000 00 in specie. Under the provisions of the Homestead Act the widow, if she is the head of a family, is entitled to claim a homestead out of her *own property*, and may claim a homestead as the next friend of her minor children out of *their property*, but she is not entitled to claim a homestead either for herself or as the next friend of her minor children, out of the property of *other persons.* On the death of the testator the title to his property vested in the devisees and legatees named in his will, to be enjoyed by them in possession when the youngest child became of age. The widow is not entitled to claim dower and a year's support out of the estate of her deceased husband, and in *addition thereto,* to claim a homestead out of the real and personal property of his estate which he had devised and bequeathed to other persons by his will long anterior to the passsge of the Homestead Act, the title to which was *vested in them.* The testator could not have claimed a homestead in this property in his lifetime, for the simple reason that he died *six years before the Homestead Act was enacted.* To entitle a widow or minor children to claim a homestead under the provisions of the Act, either in real or personal property, they must have a title to such property in *their own right.* The Act does not contemplate that any one shall have a homestead out of the property of *other people,* to which they have no *legal right or title,* but only secures to the applicant a homestead in his or her *own property* against the claim of creditors.