MYRA T. HICKSON, plaintiff in error, v. GEORGE H. BRYAN, administrator, et al., defendants in error.

(Atlanta, January Term, 1871.)

DOWER—ELECTION—HOMESTEAD.*—Where H. died intestate, leaving a widow as his sole heir-at-law, who elected to take her dower in the lands of her deceased husband, and afterwards applied for a homestead out of the other lands of her deceased husband:

*Held*, That, after electing to take her dower, she was not entitled to a homestead out of the other lands of which her husband died seized and possessed.

---

*DOWER—ELECTION—HOMESTEAD.—Where a widow had set apart to her as the head of the family, a homestead out of the property of her deceased husband, and, after the grant of administration on his estate, took dower in the same lands which had been so set apart, and allowed the administrator to sell the balance of the homestead land not included in the dower without objection, as against a judgment creditor of the widow, the homestead was good on behalf of herself and family, and was not rendered subject to levy, as to her life estate, by the subsequent dower proceeding. Both cannot be had out of the same estate, and it would seem just that the first should stand. Hickson v. Bryan, 41 Ga. 620; Lee v. Hale, 77 Ga. 1.

Hickson v. Bryan

Homestead. Dower. Before Judge Johnson. Harris Superior Court. April Term, 1870.

In November, 1868, Myra T. Hickson, widow, as head of a family, applied for the benefit of the Homestead Act. Certain creditors objected, upon the grounds that the Homestead Act is contrary to Article I., section 10, of the Constitution of the United States; because said widow elected to take dower out of her husband's lands, and that the dower assigned to her was worth more than $2,000 00 in specie; because she had had her year's support set apart, in personalty, out of said estate, and it was worth over $1,000 00 in specie; because the personalty of deceased had been sold and converted into notes and money, which has been paid out and transferred; because the widow cannot have homestead, exclusive of dower, and the plat of the homestead is out of different lands from the dower lands; the land platted for her homestead is worth more than $2,000 00 in specie; because *the widow had had the use of all the corn and other things on the farm, free of charge, for one year, in addition to the other allowances. The Ordinary allowed the petition, and the creditors appealed. By a bill in equity, etc., the administrator of applicant's husband became one of the parties objecting on the appeal. They further objected that she had no child, but one by a former husband, and, therefore, was not the head of a family.

Mrs. Hickson's attorney, at April Term, 1870, demurred to all of these objections, except that one declaring that the land platted for the homestead was worth over $2,000 00. The demurrer was overruled. It being admitted that dower had been assigned to her, the Court held that, therefore, she was not entitled to a homestead and dismissed her application. The overruling of the demurrer and said decision are assigned as error.

Ramsey & Ramsey; H. L. Benning, for plaintiff in error.

James M. Mobley; E. H. Worrill, for defendants.

WARNER, J.

On the statement of facts disclosed by the record in this case, there was no error in the judgment of the Court below in deciding that the application was not entitled to a homestead (after electing to take her dower,) out of the other land of her deceased husband.

Let the judgment of the Court below be affirmed.