WILLIAM H. KIDD, administrator, plaintiff in error, *vs.* GEORGE H. LESTER, administrator, defendant in error.

A widow, who has no children living with her, dependent on her for support, is not entitled to a homestead out of the property of her deceased husband, as the head of a family, according to the true intent and meaning of the Constitution of 1868. (R.)

Homestead. Widow. Head of a family. Before Judge ANDREWS. Oglethorpe Superior Court. October Adjourned Term, 1871.

For the facts of this case, see the decision.

W. G. JOHNSON; W. W. McLESTER, for plaintiff in error. The widow is entitled to the homestead: 40 Ga. R., 558; *Ibid.,* 440; 15 Ga. R., 411; Code, sec. 2022; 1 Wash. on R. P., 325, *et seq.;* 39 Ga. R., 437; 40 Ga. R., 486; Code, sec. 1747; 8 Cal. R., 71; 14 Cal. R., 476; 16 Cal. R., 217; 5 Min. R., 337; 7 Min. R., 520; 32 Tenn. R., 514; 7 Texas R., 19.

J. D. MATHEWS, for defendant. A single person, with no one dependent upon him or her, is not the head of a family: 42 Ga. R., 405; 41 Ga. R., 153; 40 Ga. R., 173.

WARNER, Chief Justice.

The only question made by the record in this case is whether a widow, who has no children living with her dependent on her for support, is entitled to a homestead out of the property of her deceased husband, as the head of a family, according to the true intent and meaning of the Constitution of 1868. The manifest intention of the Constitution was to provide for the families of minor children, and to authorize the applicant to have a homestead he or she must be the head of a family, or guardian, or trustee of a family of minor children, and this intention is the more apparent because it is made the duty of the General Assembly, by the Constitution, to provide, by law, for the setting apart the homestead for the *sole use and benefit of said families,* as aforesaid, but not for the use and benefit of those who have no families whom they are legally bound to support. In our judgment, the applicant, under the statement of facts contained in the record, was not entitled to a homestead in the property of her deceased husband as the head of a family, as contemplated by the Constitution : *Lynch vs. Pace,* 40 *Georgia Reports,* 173; *Calhoun vs. McLendon,* 42 *Georgia Reports,* 405.

Let the judgment of the Court below be affirmed.