Rountree, guard'n, *vs.* Dennard *et al.*

---

CHARLES N. ROUNTREE, guardian, plaintiff in error, *vs.* HUGH L. DENNARD *et al.*, defendants in error.

A guardian of one minor child is the head of such a family of minor children, under the constitution and laws, as will entitle him to the

same homestead and exemption, as if the family of minors embraced more than one child.

Homestead. Guardian and ward. Before Judge HILL. Houston Superior Court. November Term, 1876.

Reported in the opinion.

B. M. DAVIS; DUNCAN & MILLER, by brief, for plaintiff in error.

WARREN & GRICE, by brief, for defendants.

JACKSON, Judge.

Rountree was the guardian of one minor child, who was the only child left by his father, and the question on appeal from the ordinary was whether such one child was entitled to a homestead and exemption as a family of minor children would have been entitled to under the constitution and laws, and whether the guardian could have the same set apart for the benefit of one child just as for a family of more than one, if more had survived the father.

The court charged the jury that one child could not constitute a family of minor children in the sense of those words in the constitution; the jury found against the application of the guardian, and the guardian excepted; and the question is, was the charge right?

We think that the charge was wrong. The constitution declares that "each head of a family, or guardian or trustee of a family of minor children, shall be entitled to a homestead of realty to the value of two thousand dollars, in specie, and personal property to the value of one thousand dollars, in specie, both to be valued at the time they are set apart." Code, §5135.

It is clear that the head of a family, though the family be but one child, would be entitled to the homestead. The family would be the head and the child.

In case there should be no father or mother, then the guardian becomes the head of the family, and the minor and himself would constitute the family—the property being for the use of the child.

A minor—particularly a very young one—would live with the guardian, and be part of his family, and the property would be for a family, in contemplation of law, consisting of this guardian and child. It is true that it is ruled in 46 *Ga.*, 231, that a widow, without any child, is not *the head* of a family; and that is right, for she is not; but suppose that she had one child, then she would have been, and she and the child would have been the family—she the head and the child the other part of it; or it may be, as she alone could not get the homestead, that the child alone would constitute the *family* of which she was the head. Can the child be deprived of the homestead because it has no father or mother?

Was this the spirit and sense of the constitution? We think not; but that it was intended to give to orphans, whether one or more, the same rights as to other children whose parent was alive, and the fact that a man has a family is true, whether that family be one child or many; and the fact that a widow has a family is also true, whether her husband left her with one child or more.

For these reasons, looking at the reason and spirit of the constitution, and the law which copies it—Code, §2002—and not sticking in its bare letter, we have no doubt that the court below erred in his construction, and we reverse the judgment.

Judgment reversed.