Burns *vs.* Chandler.

BURNS *vs.* CHANDLER.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

Homestead proceedings pending in the superior court on appeal are amendable, though commenced before the ordinary as early as 1875. The omission of the surveyor to make affidavit to the correctness of the plat and the value of the premises, may be supplied by amendment.

Homestead. Appeal. Amendment. Before Judge RICE. Jackson Superior Court. February Term, 1878.

Burns made application for a homestead. The case was set for a hearing on December 4th, 1875. Chandler, a creditor, objected on the ground that the land sought to be set apart was his property. On demurrer the objection was dismissed, and Chandler appealed. When the case was called in the superior court, which was at February term, 1878, Chandler moved to amend his objections so as to make them read as follows:

1. Because the land sought to be set apart is worth more than $2,000 in specie.

2. Because said homestead was not valued in specie by including gold and silver, but was valued in gold alone.

3. Because the surveyor never made any affidavit to the correctness of the survey and plat on its return to the ordinary.

The amendment was allowed. Chandler then moved to dismiss the application upon the same ground as is stated in his third objection. Burns moved, the county surveyor being in court, to amend the surveyor's return by having it sworn to in terms of the law. This was refused, and the motion to dismiss sustained; whereupon Burns excepted.

W. J. PIKE; FLOYD & SILMAN, for plaintiff in error, cited Code, §§2002, 2003, 2010, 2011, 3627; 40 *Ga.*, 173; 43 *Ib.*, 318; 45 *Ib.*, 552; Code, §§3497, 3498, 3479.

No appearance for defendant.

BLECKLEY, Justice.

The court erred in disallowing the proposed amendment to complete the surveyor's return. The plat, without the prescribed affidavit to support it, was but a part of what the surveyor was bound to furnish. Code, §2008. An application for homestead should not fail because the surveyor has omitted to perform his whole duty, when it is in the power of the court to have the omission supplied. Undoubtedly, the ordinary could have received the affidavit whilst the case was pending before him; and if so, there is no reason why the superior court could not do the same pending the appeal. In acting on an appeal from the ordinary, the superior court may allow the prior proceedings to be amended. 4 *Ga.*, 456 (1); 18 *Ib.*, 473 (text); 45 *Ib.*, 552. Though the homestead was applied for in 1875, the amendment was not cut off because it was not proposed until after the constitution of 1877 was ratified and took effect. Notwithstanding this constitution provided for a smaller homestead than that allowed by the constitution of 1868, it did not defeat applications for homestead which were pending under that constitution. The application should not have been dismissed, but the proposed amendment should have been allowed.

Judgment reversed.