GERDING & COMPANY *vs*. BEALL.

|63 561|
|115 590|

The widow of a debtor who died in October, 1877, applied in December, 1878, for a homestead of realty, to the value of two thousand dollars, in the estate of her husband: *Held*, that the homestead provision in the constitution of 1868 was applicable to the case, and that said provision was kept of force by the constitution of 1877, in respect to debts incurred under the former.

Constitutional law. Homestead. Before Judge LAWSON. Putnam Superior Court. March Adjourned Term, 1879.

On December 30th, 1878, Fannie Beall, the widow of George C. Beall, deceased, applied for a homestead under the constitution and act of 1868. The petition showed the death of her husband in October, 1877, that the realty in which the homestead was prayed belonged to his estate, and that she was the head of a family. To this proceeding Gerding & Co. demurred upon the ground that the application should have been made under the constitution of 1877 and not of 1868. The demurrer was overruled by the ordinary and the contestants appealed to the superior court. The same result followed in that court, and Gerding & Co. excepted.

In his certificate to the bill of exceptions the presiding judge states that it was admitted upon the trial that petitioner was applying for homestead and exemption in her deceased husband's estate, and that all of his debts were contracted prior to the adoption of the constitution of 1877.

W. B. WINGFIELD ; H. A. JENKINS, for plaintiffs in error.

W. J. JENKINS, by brief, for defendant.

BLECKLEY, Justice.

By the constitution of 1868 the homestead and exemption allowance, counting both realty and personalty, is

$3,000.00. By the constitution of 1877 it is $1,600.00. The latter instrument, however, declares that "homesteads, and exemptions of personal property, which have been heretofore set apart by virtue of the provisions of the existing constitution of this state, and in accordance with the laws for the enforcement thereof, or which may be hereafter set apart at any time, shall be and remain valid as against all debts and liabilities existing at the time of the adoption of this constitution, to the same extent that they would have been had said existing constitution not been revised." Art. IX. Sec. VII. Ratification of this constitution, and the prescribed proclamation of the same, took place in December, 1877; and the debts and liabilities left by the husband of Mrs Beall, must have been incurred prior thereto, for he died in the preceding October. The phraseology of the section which we have quoted clearly contemplates that the setting apart of the larger allowance, provided for by the constitution of 1868, might go on for an indefinite time in the future, and that the property so set apart "at any time" should be protected against any and all debts, etc., which arose whilst that constitution was of force. The new constitution is to be considered as speaking from the time it became authoritative and operative as a constitution, and not from the time the convention framed it and agreed to it. The term "hereafter" does not mark a period *ending* with the actual substitution of the new constitution for the old, but an indeterminate duration *beginning* with that substitution. It follows that the application we are dealing with is consistent with both constitutions, and did not come too late. As to the class of debts and liabilities here involved, the homestead and exemption provisions of the earlier constitution are by the later one continued in full force. Compare 61 *Ga.*, 385.

Judgment affirmed.