GROOVER, STUBBS & CO. *vs.* BROWN.

1. That an order to the county surveyor to lay out a homestead did not appear on the face of the record, was not sufficient to exclude such record of the grant of the homestead as evidence, the order appearing on the minutes.

(*a.*) The presumption is that the ordinary has done all that is required by law before granting a homestead, and this presumption extends to the giving of notice of the application, where nothing appears to show absence thereof.

2. Where after the death of a husband his widow, "as the head of a family, consisting of herself and two minor children," applied for and obtained a homestead out of his estate, she occupied the double position of a *quasi* trustee and also a beneficiary, and the homestead estate did not terminate upon the arrival of the children at majority, but remained during her widowhood.

3. Prior to the act of 1876, repealing §§2014, 2015 of the Code, if a widow desired to have a homestead set apart from the estate of a

deceased husband for the benefit of herself and children, and the property laid out was of greater value than $2,000, the amount in excess thereof was properly paid to the administrator of the deceased husband, and the parol evidence was admissible to show such payment. The administrator's returns were not better evidence.

4. One question in a case being whether the excess over $2,000.00 was paid to the administrator of the deceased husband in proper time, diligence would have required that one contesting that fact should have examined the administrator's returns, and a discovery of their contents after trial was not such newly discovered evidence as would cause a new trial.

(a.) Besides the evidence was desired only for the purpose of impeaching the testimony of the administrator given on the stand.

December 19, 1882.

Homestead. Ordinary. Before H. D. D. TWIGGS, Esq., Judge *pro hac vice*. Washington Superior Court. March Term, 1882.

A *fi. fa.* in favor of Groover, Stubbs & Company was levied on certain realty in the town of Sandersville as the property of the estate of William G. Brown, deceased. His widow, Maria Brown, interposed a claim, alleging that the property levied on was not the property of the estate, "but is the homestead property of this deponent, which was duly approved and set aside by the ordinary of said county on the 5th day of April, 1872, as a homestead for the benefit of deponent and her minor children."

· On the trial, plaintiffs introduced their *fi. fa.* against the administrator and administratrix of the estate of Brown with the entry of levy thereunder, and showed that Brown died in possession of the property, and that his administratrix had since remained in possession.

Claimant introduced the original homestead papers, and proved by one Whitaker, who was the administrator of the estate of Brown, deceased (Mrs. Brown being administratrix with him), that the homestead property being valued at $2,850.00, Mrs. Brown had paid to him

eight hundred and fifty dollars—the excess over the two thousand dollars allowed by law. This was done, the witness thought, in the spring of 1872, immediately after the appraisement; Mrs. Brown did not pay him any money, but, he being indebted to her $1,500 for a year's support, deducted the $850.00 from that amount; could not tell when. It also appeared that the youngest child of the claimant had become of age, and it was admitted that the debt on which the *fi. fa.* was founded was contracted since the adoption of the constitution of 1868.

The petition of Mrs. Brown for the setting apart of a homestead, stated that she was the widow of William G. Brown and "the head of a family consisting of herself and two minor children," and that she desired a homestead to be set apart for the benefit of "said family" from the property of her deceased husband (the lot now in dispute), stating the value thereof at $2,850.00.

Following the petition appears a return of the county surveyor with a plat of the property, and a statement that it was worth more than $2,000. Appraisers were appointed, who assessed the property at $2,850.00, and the application and return were approved by the ordinary. When this record was offered in evidence, counsel for plaintiffs in *fi. fa.* objected to its admission, because no order to the county surveyor to lay off the homestead appeared, and no notice as required by Code, §§2006, 2007; because, the property being worth more than $2,000 in specie, a sale thereof should have been made under Code, §2021; and because the minors, not the widow, were the real parties in interest, and were not claiming. (The judge certified that "claimant showed by the public gazette, in which the clerk of the Superior Court did his advertising, that the said clerk gave the legal notice required by law to creditors and others, as required in §2015 Code of Georgia.")

The jury found the property not subject. Plaintiffs moved for a new trial on the following among other grounds:

Groover, Stubbs & Co. *vs.* Brown.

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in admitting the original homestead papers in evidence.

(3.) Because the court refused to charge to the effect that the homestead estate expired upon the last child's becoming of full age; but charged to the contrary.

(4.) Because the court admitted the testimony of Whitaker as to when the $850.00 was paid by Mrs. Brown, plaintiffs in *fi. fa.* objecting to this evidence on the ground that the administrator's returns furnished the highest evidence of the fact.

(5.) Because of newly discovered evidence, consisting of returns of Whitaker, administrator, tending to show that the $850.00 was not paid by Mrs. Brown within sixty days from the valuation of the property.

The motion was overruled and plaintiffs excepted.

JOHN M. STUBBS; W. W. MONTGOMERY, for plaintiffs in error.

JAMES K. HINES, by L. E. BLECKLEY, for defendant.

JACKSON, Chief Justice.

This was a claim to a house and lot in Sandersville, as her homestead, by Mrs Brown. The property was levied upon by the plaintiff in error on a judgment rendered on a debt created since 1868. Mrs. Brown applied for and obtained the homestead after the death of her husband, he leaving two minor children and herself as his widow. The children were of age at the date of the levy. On the charge of the court the jury found for the claimant, and the plaintiff having been denied a new trial, excepted.

Four errors are assigned: First, that the court erred in admitting the homestead as evidence before the jury because of defects therein; secondly, because the widow

was not a beneficiary of the homestead trust, but merely, as head of the family, the trustee for her two minor children, and with their majority in age the homestead estate terminated; thirdly, because the court admitted parol proof that the excess over $2000.00 had been paid the administrator; and fourthly, on account of newly discovered evidence.

1. The homestead papers were properly admitted in evidence. The order to the county surveyor need not have appeared on the face of the homestead papers. It was enough that it appeared on the minutes. It is presumed that this officer did all required by law before he granted the homestead. 47 *Ga.*, 195. This applied as well to notice in the absence of proof that there was none.

2. The homestead papers show that the widow as "the head of a family consisting of herself and two minor children," applied for and had the homestead set apart. So she was a beneficiary for whom the estate was set apart, as well as the *quasi* trustee or head of the family in whom the legal title was vested as long as the beneficiaries existed as such. The children so existed until they arrived of age; the widow as long as she remained a widow. Therefore there is no error in the charges and refusals to charge on matters concerning this point.

3. Nor was there error in admitting parol evidence to prove that the excess of value over $2,000.00 for homestead was paid by the widow to the administrator. His returns were not better evidence than would be a receipt from him or any other admission by him. He was the person to whom the money was properly payable, where the widow applied for homestead. *Virtute officii*, he was the receiver in such a case to distribute that excess to the creditors and heirs. This application was made in 1872, prior to the act of 1876, which repealed sections 2014 and 2015 of the Code of 1873. This application was made under the act of 1870, p. 71, codified in Code of 1873, section 2014.

4. There is nothing in the motion on the ground of newly discovered evidence. If the plaintiff wished to put in the returns, he should have examined them before trial. Naturally he would look to the returns to see if the excess in value over $2,000 had been paid to the administrator and returned by him, and it is in these returns that plaintiff has found newly discovered evidence. It is *laches* not to have examined them and discovered what was in them before trial. Besides, the object was to impeach the parol evidence of the administrator, and to do that a new trial is not granted on account of newly discovered evidence.

Judgment affirmed.