## MADDEN *et al. vs.* JONES *et al.*

1. Upon the death of a father, in 1862, leaving a wife and two minor children, the land which he owned at the time of his death vested in them as tenants in common, and if, in 1869, the widow, as the head of a family of minor children, made application and had set apart to her as a homestead all of the land left by him, and subsequently, in 1873, conveyed this land, with the approval of the ordinary, the action of the ordinary in setting apart the interest of the minor children as a homestead was void, and when the widow conveyed the land so set apart, she conveyed only her one-third undivided interest in the same, and the purchasers acquired no more. The act of the ordinary and the sale by the widow being void as to the interest of the children, their rights were not affected thereby, and the act of 1876, which required suits for the recovery of homesteads to be brought in a court of equity within six months after its passage, did not bar a suit by the children as heirs of their deceased father.

2. The title to the land of the deceased parent having vested in his heirs upon his death, and a sale of such land under a judgment

against his administrator being void on account of uncertainty in the levy, possession for seven years under the sheriff's deed as color of title would not give a prescriptive title against the minors, if they brought suit for their interest in the land upon arriving at age.

(*a.*) There are equities in behalf of the purchasers in this case, and upon proper pleadings, the children will be bound to account for all moneys which they may have received, or which may have been expended in their maintenance and education, or which may have been paid by the purchasers under the sheriff's sale, whereby the property was protected from the liability of their father, and for any property which they may have received which was purchased by the money paid by the defendants for the land in controversy; also for all improvements upon the land made by the defendants, the latter accounting to them for reasonable rents.

December 15, 1885.

Homestead. Title. Laws. Statute of Limitations. Prescription. Administrators and Executors. Before Judge BRANHAM. Floyd Superior Court. March Term, 1885.

Reported in the decision.

DEAN & EWING, for plaintiffs in error.

REECE & DENNY, for defendants.

BLANDFORD, Justice.

Samuel L. Stafford died in 1862, leaving as his only heirs at law his widow and two minor children, the plaintiffs in this case. He was possessed, at the time of his death, as of his own right and property, one hundred and sixty acres of land, being the south half of lots numbers 187 and 210, the same being in a certain district in Floyd county. In 1869, Mary Jane Stafford, the widow and mother of the children, applied and had set apart to her, as the head of a family of minor children, all of the land left by her husband at his death; subsequently, in 1873, she sold and conveyed this land to defendants in error with the approval

of the ordinary. A writ of execution, issuing upon a judgment against the administrator of Samuel L. Stafford, deceased, in his representative capacity, was levied on eighty acres of each of these lots, without further description in the levy, and the sheriff sold and conveyed the land, as thus described, to defendants. After the two minor daughters, one of whom had married Madden, and the other Jolly, had become of age, they brought this action to recover this land left by their father. The defendants contended that the action was barred by the act of 1876, as not having been brought within six months after the passage of that act, (Acts of 1876, p 51), inasmuch as the property had been set apart as a homestead. With this view the court below agreed and so instructed the jury, and this is assigned as error here.

1. When Stafford died, his real estate descended to his heirs at law, and as to his lands, which he left at his death, the title thereof was cast upon them, and they were tenants in common. Mrs. Stafford could have had her interest in these lands set apart to her as a homestead, but the ordinary had no power or authority to set apart to her as a homestead the interest of her two minor children. As to them, the act of the ordinary was simply void in setting apart their interest in this land to the mother as the head of a family; and when Mrs. Stafford, the widow, sold and conveyed this land, thus set apart to her, to the defendants in error, she only conveyed her one-third undivided interest in the same, and this is all that defendants acquired by their purchase; they did not acquire the two-thirds undivided interest of the plaintiffs. This act of the ordinary in setting apart the two-thirds interest of the plaintiffs as a homestead to the mother being void, the plaintiffs lost none of their rights to this land. They were in no manner affected thereby; and they did not fall within the provisions of the act of 1876, which required them to go into equity within six months after the passage of that act, or

be barred of their rights to the property sued for. So we think the court committed error on this point.

2. Again, the defendants contend that, even if the levy and sale of property under the judgments against the administrator of Samuel L. Stafford was void for uncertainty, yet it was good color of title to the land sued for; and as they had held, possessed and claimed the same under the sheriff's deed for more than seven years before the bringing of this action, that plaintiffs could not recover; and so the court thought, and so instructed the jury. We cannot agree with the learned judge in this view of the law. This action was instituted a short time after the plaintiffs came of age. The title to this land—that is two-thirds undivided interest therein—was in them, and the statute does not run against an infant under such circumstances, as has been frequently held by this court. 43 *Ga.*, 208; 51 *Id.*, 139; 57 *Id.*, 460.

We see great equity in behalf of these defendants, as shown by the facts in this record, and, upon proper pleadings, the plaintiffs will be bound to account with defendants as to all money which they may have received, or which may have been expended in their maintenance and education, or which may have been paid by defendants under the sheriff's sale, as the same protected the property from the liability of their father, and as to any property which they may have received which was purchased with the money paid by defendants for this land; also for all improvements made by defendants on the land, defendants accounting for reasonable rents to plaintiffs. All these matters can be fairly submitted to a jury on another trial in such way and manner as to elicit the truth and do full and complete justice between the parties.

Judgment reversed.