## BRIDWELL *vs.* BRIDWELL *et al.*

A widow may have set apart an exemption for herself and minor children from the property which belonged to her deceased husband at the time of his death, where, by the will of the husband, the property has been devised to her for life and in trust for such minor children; and such exemption will be granted in spite of the objections of a judgment creditor of the husband.

(*a.*) In such a case, the property sought to be set apart did not vest by the death of the husband in any one, but by his will was transmitted to his wife and minor children for whose benefit the exemption was sought; and it differs from the cases in 42 *Ga.*, 121, and 43 *Id.*, 377.

March 30, 1886.

Homestead. Title. Husband and Wife. Before Judge RONEY. Richmond Superior Court. October Term, 1885

Sarah E. Bridwell, as head of a family, for herself and minor children, as the widow of T. H. Bridwell, deceased, filed an application for homestead and exemption in certain property belonging to the deceased husband. On the hearing of the application, a judgment creditor filed objections, the substance of which was that the decedent had left a will directing his debts to be paid and leaving the property as stated in the fifth item; that the applicant qualified as executrix; that she and her children had had a year's support out of the property left by the decedent; and that the objector was the owner of the share of an adult son of the decedent, and the homestead should not be granted against him. The will leaves $5.00 to this son on his coming of age.

The fifth item of the will was as follows:

"I give, bequeath and devise the income and proceeds arising from the rest, residue and remainder of my property, both real and personal, excepting the bequest mentioned in the article preceding thirdly and fourthly of this my last will and testament, namely: one tract of land situated, lying and being in the county of Richmond, and state of Georgia, on the waters of Spirit Creek, containing one hundred and eighty acres, more or less, adjoining lands belonging to George W. Bridwell, H. J. Wylds, L. H. Byne, Dr. McInis, James

E. Cashin, one mule named Rhody and one named Rowdy, one two-horse wagon, one buggy and harness, all the agricultural implements on the place I am living, consisting of plows, sweeps, plow gear and hoes, with all my stock of cattle and hogs, with their future increase, all my household and kitchen furniture, corn, fodder, peas, peavines and potatoes and oats, now growing and gathered on the place above mentioned, in trust with my wife, Sarah Elizabeth Bridwell, for the sole use and benefit, support and maintenance of herself and her two daughters—namely, Martha Decora Bridwell and Lucy Corena Bridwell—until the youngest daughter, Lucy Corena Bridwell, shall have attained the age of twenty-one years; and in the event of said Lucy Corena dying during her minority, the property is all to remain in trust until my next daughter, Martha Decora Bridwell, shall have reached the age of twenty-one years. It is my will and desire that the property mentioned shall be equally divided between my wife, Sarah Elizabeth Bridwell, and my two daughters, Martha Decora Bridwell and Lucy Corena Bridwell, share and share alike; and in the event of any of the within parties dying before the time allotted for the division, the property shall be equally divided between those who shall be alive, or their heirs.

"It is also my will and desire that none of the cattle or hogs, or their increase, shall be sold or used during the minority of the said Lucy Decora Bridwell, unless disposed of for the benefit and support of the said Sarah Elizabeth and her two daughters, Martha Decora Bridwell, and Lucy Corena Bridwell. It is my will and desire that none of the growing timber on the place shall be used off the said tract of land, unless used for the keeping up the fences on the place and for firewood."

The evidence showed that the widow and children had lived on the place from the death of testator (Dec. 31, 1883) to the filing of her application for homestead in July, 1885, and had a support from the estate, of the value of $500 a year, but the year's support had not been formally set apart.

The ordinary overruled the objections and granted the application. The objector carried the case to the superior court by *certiorari*. The court sustained the ruling of the ordinary, and the objector excepted.

W. K. MILLER, for plaintiff in error.

W. H. FLEMING, for defendants.

BLANDFORD, Justice.

The question made by this record is, can a widow, for herself and as next friend for her two minor children, take an exemption in the property which was that of her deceased husband at the time of his death, when by the will of the husband the property had been devised and bequeathed to her for life and in trust for said minor children, against the objections of a judgment creditor of the husband?

We think that this question has been answered in the affirmative by several decisions of this court. 40 *Ga.*, 439; 52 *Id.*, 407; Code, §2002. If the husband had been in life, he could have had the exemption set apart for the benefit of the wife and children, and in case he failed to apply, the wife could have done so, and we see no reason, when the death of the husband intervenes, why the exemption should not be allowed, as has been decided in the cases referred to. Here the property sought to be set apart did not vest by the death of the husband in any one, but by his will was transmitted to the wife and minor children for whose benefit the exemption is sought. So that this case does not fall within the rulings of the cases reported in 42 *Ga.*, 121, and 43 *Id.*, 377.

The court below having decided according to the views here expressed, the judgment must be affirmed.