IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### MARCH TERM, 1886

PRESENT—JAMES JACKSON, . . . . . . . CHIEF JUSTICE.
         SAMUEL HALL, . . . . . . . . ASSOCIATE "
         M. H. BLANDFORD, . . . . . . . . ASSOCIATE "

---

## LEE vs. HALE.

Where a widow had set apart to her as the head of the family, a homestead out of the property of her deceased husband, and, after the grant of administration on his estate, took dower in the same lands which had been so set apart, and allowed the administrator to sell the balance of the homestead land not included in the dower without objection, as against a judgment creditor of the widow, the homestead was good on behalf of herself and family, and was not rendered subject to levy, as to her life estate, by the subsequent dower proceedings. If there were adult heirs of the decedent, the homestead would be invalid as to them, but none such appear in this case; and, while the agreed statement of facts is unsatisfactory, the inference from it is that the heirs are minors.

April 20, 1886.

Homestead. Dower. Title. Husband and Wife. Before Judge STEWART. Pike Superior Court. October Term, 1885.

Reported in the decision.

v 77–1

J. S. Pope, by brief, for plaintiff in error.

E. W. Hammond, for defendant.

Jackson, Chief Justice.

An execution in favor of Lee against Mrs. Hale was levied upon her life estate, it being dower set apart to her out of certain lands. She met the levy with an affidavit of illegality, setting up homestead to her and family in the lands levied on; and the case was submitted to Judge Stewart on the following state of facts:

"It is agreed that the land levied on was regularly set apart to Emeline Hale, defendant in *fi. fa.*, as the head of a family, out of her husband's lands after his death in March, 1874; that after this, R. Y. Beckham was appointed administrator on the estate of Wm. Hale, her deceased husband. After the administration, Mrs. Hale took dower out of the lands which had been set apart for her homestead, and allowed the administrator to sell, without objection on her part, the balance of the land included in the homestead; the dower land levied on was part of the homestead, and the homestead was set apart before the dower. When levied on, Mrs. Hale filed an affidavit of illegality, alleging that the *fi. fa.* was proceeding illegally against her, on the ground that the land levied on was her homestead regularly set apart and exempted from levy and sale as such."

The judge sustained the illegality and dismissed the levy, and error is assigned thereon.

The agreed statement of facts is unsatisfactory. We do not know who were the heirs at law of the deceased husband, whether any one of them was of age or not. If so, the homestead was invalid. If all were minors and formed the family of Mrs. Hale, then the homestead was valid. In *Kemp vs. Kemp et al.*, and *Griffin vs. Griffin*, it was held that such a homestead was invalid as against adult heirs, but impliedly good as to the minors it would be, if there were none other. See 42nd *Ga.*, 523. So in the case of *Roff, Sims & Co. vs. Johnson*, 40 *Ga.*, 555, this court held that the minor children were entitled, by application of a trustee appointed for that purpose, to a homestead against creditors, but not against adult heirs of the deceased father

not of the family; and, in *Hodo vs. Johnson & Heath*, 40 *Ga.*, 440, it was held that the widow might apply and have homestead set apart for herself and minor children as head of the family against creditors. In both cases, Judge Warner dissented, but only so far as adult heirs are concerned; the balance of the court, Brown, C. J., and McCay, J., holding that, as the adult heirs were not contesting the homestead, it was unnecessary to adjudicate as to their rights, but only as to the litigant creditors. In *Kidd vs. Lester*, 46 *Ga.*, 231, it is held, Warner, Chief Justice, delivering the opinion, that a widow, who has no children living with her, dependent on her for support, is not entitled to a homestead out of the property of her deceased husband, as the head of a family; as much as to say, if she has such dependent children living with her, then she may have the homestead, as the head of the family, out of his property, citing 40 *Ga.*, 173, and 42 *Id.*, 405, thereby putting the widow in the shoes of her deceased husband as head of the family.

In the case of *Akin et al. vs. Geiger et al.*, 52 *Ga.*, 407, this court unanimously recognized the right of the widow to take homestead out of the estate of her minor daughter and of her own, left in several parcels to each by will, for herself and minor daughter. Inasmuch as this widow, in the case at bar, took homestead for herself and family, which must reasonably be regarded as minor children (*Cowart vs. Page*, 59 *Ga.*, 235), and as no adult heirs are mentioned at all or hinted at in the agreed facts, and the only contest is with a creditor of the mother, it would seem that the judge held rightly, that the homestead could not be subject to the execution levied upon it as dower when the homestead was older than the dower, and dower could not be taken out of it. Both cannot be had out of the same estate, and it would seem just that the first should stand. *Hickson vs. Bryan*, 41 *Ga.*, 620. Besides, it would be unjust and unreasonable, and therefore, in the absence of express and direct authority, unlawful to deprive the

little children of their home, carved out of their own as well as their mother's property, as heirs of their father, because their mother, after this home was set apart to them and her, took dower therein.

Judgment affirmed.