FOUNTAIN *et al. vs.* HENDLEY *et al.*

A widow in the character both of the head of a family and the guardian of her minor children, having in 1872 applied for and obtained homestead in the real estate of her husband, who died after the constitution of 1868 was adopted, the effect of so doing was to obtain a homestead as the head of a family in her own undivided

share, and a homestead as the guardian of her minor children in their undivided shares. All the children having attained their majority, the latter homestead has terminated, and the children are now entitled to enjoy their respective shares of the premises. But under the facts of this case, the judge below did not abuse his discretion in refusing to grant an injunction and appoint a receiver.

March 22, 1889.

Homestead. Guardian and ward. Injunction and receiver. Before Judge KIBBEE. Pulaski county. At chambers, December 29, 1888.

On April 12, 1872, Edna Hendley filed with the ordinary a petition for a homestead in the property of her husband, John A. Hendley, who died in December, 1871, for the benefit of herself and her minor children, naming them. In this petition, the land from which the homestead was sought to be set apart is referred to as the home place, and the numbers of the land lots are given. Attached was a schedule setting forth certain personalty, and stating that "the estate of John A. Hendley having been inventoried and appraised by Wm. Hendley, administrator, no schedule is filed with this application of the property of the said estate, reference being made to the returns of the administrator." On this appear the entries, "Entered as filed April 26th, 1872, E. A. Burch, clerk"; "Approved April 26th, 1872, J. J. Sparrow, ordinary P. C." The schedule and recital, and the surveyor's plat (sworn to April 22d, 1872) were recorded; it seems that the petition was not, but it is indorsed, "Filed April 12th, 1872; Entered April 29th, 1872, J. J. Sparrow."

The minors having become of age or married, a petition to the superior court for injunction, receiver and division of the estate was filed by all of them except W. L. Hendley, who was made a party defendant with Edna Hendley, alleging, in brief, as follows: None of plain-

tiffs are dependent upon the homestead for a support, and none of them are getting any benefit from it. W. L. Hendley is occupying the place, collecting the rents and profits and using them to the exclusion of the other heirs at law, and refuses to account to them or to permit them to enjoy the lands or share in the rents. He is insolvent. Edna Hendley aids and abets him in his efforts to defeat petitioners in the enjoyment of their rights, by taking no action to prevent it or to express her disapproval. She has rented him the premises for a number of years without consideration, to delay or defeat petitioners in obtaining any benefit of the land or in having a division of it. She does not reside on the land or demand or get any rent from him. He rents out what he does not use himself, and appropriates the whole to his own use. Both refuse to have the land divided, or to consider any plan looking to an equitable adjustment of the rights of all parties. Rents are due from tenants on the land, and W. L. Hendley will collect and convert them to his own use unless enjoined, and will also rent out the land again for 1889 and transfer or assign the notes so that they cannot be reached, and before it will be possible to secure a partition. He has sold timber from the land, converted the proceeds to his own use and refused to account, and will continue to do so unless restrained. A fair division of the lands cannot be made by metes and bounds, because of the situation of houses and other improvements thereon; and part of it being valuable for mills, etc., its value will be largely destroyed by being partitioned. The homestead is *functus officio*, and each one of plaintiffs and defendants owns a share of the estate. No legal homestead was ever set apart, there being no petition or other legal proceeding for it. Petitioners attach a copy of the surveyor's plat and the schedule,

which are all that is to be found of record.    They have
no knowledge of any further proceedings, and are un-
able to find any after search.    The prayers are, that the
homestead be declared void and of no further force, for
injunction against collecting rents, selling timber, fur-
ther renting, etc., for account by defendants for the use,
rents and profits of the land, for receiver to take charge
of and rent the land, under direction of the court, until
disposed of, that the land be sold for partition and di-
vision, and for general relief.

The answer of defendants showed, in brief, as follows:
Mrs. Hendley and the minors occupied the land from
the time the homestead was set apart, and were sup-
ported, and the minors educated, out of the rents and
profits of it, until the minors from time to time married
or became of age and left it in possession of Mrs.
Hendley and her minor grandchild (who appears as one
of plaintiffs by her father as next friend) ; and Mrs.
Hendley and this grandchild are living on the land and
being supported, and the child educated, with its pro-
ceeds, the whole amount of which is required for these
purposes.    On the southern part of the lands are all the
homestead houses, and out of this part some of the bene-
ficiaries have been supported.    On the northern part is
land which has been for years uncultivated because of
inability to procure hands, tenants and stock.    In 1887,
Edna Hendley gave the wife of her son and co-defend-
ant, W. L. Hendley, permission to live on this northern
part and to cultivate it for the support of herself and
children, provided she would keep it up and pay the
taxes thereon ; which she has done.    Not being able to
cultivate all of it, she rented out certain portions to
others.    Defendants deny that Edna Hendley has ever
rented any part to W. L. Hendley, or that he ever ap-
propriated any rents to his own use.    He collected rents

as agent for Edna Hendley, and promptly paid them over to her; and did the same for his wife. One of plaintiffs, up to a short time ago, lived with Edna Hendley on the southern part of the land, took entire charge of it and of the rents and profits, a very small portion of which went into her hands; and if there remains any part of the same not accounted for, it is in the hands of this plaintiff. He is still in possession of a portion of the property and appropriating it to his own use. W. L. Hendley does not refuse plaintiffs the right to participate in the benefits of the homestead; he has no control over it except as herein stated. He uses no portion of the land as a mere beneficiary, but transacts business for Edna Hendley, she being unable to do so. For his services, she was willing to extend some favors to his family, and hence the permission to his wife to occupy a portion of the land. The three persons named by plaintiffs as owing rents owe them, not to Edna Hendley, but to W. L. Hendley's wife; he acted as her agent in making rent contracts with them. The homestead is a legal and subsisting one so long as Edna Hendley shall live or remain unmarried; the lands are subject to her control, use and disposition so long as the homestead shall exist; and the rents and profits are within her control.

On the hearing, the plaintiffs introduced the affidavits of the three tenants that they alleged owed rents, to the effect that they rented from W. L. Hendley and paid rents to him; also rent notes given by them to him. Also affidavits of two of plaintiffs as to W. L. Hendley's possession and control, receipt of rents and sale of timber and appropriation to his own use of the proceeds; and as to one of plaintiffs not having received any of the profits of the homestead for three years.

The defendants introduced the original application for homestead.

Fountain *et al.* vs. Hendley *et'al.*

The injunction and receiver were refused, the court holding as follows:

"The homestead right is not severable; and where, after the death of the husband, the widow applied for and obtains a homestead out of the estate of her husband for herself and children, all of whom are minors at the time of the application, the homestead estate did not expire upon the last child coming of age. The widow occupies the double position of a *quasi* trustee and also a beneficiary, and the homestead remains during her widowhood. The heirs at law in this case were all minors; all parties to the homestead proceedings. They existed as beneficiaries until they arrived at age, and the widow as long as she remains a widow. To divide out the homestead would, in effect, partially destroy it."

The plaintiffs excepted.

MARTIN & SMITH, for plaintiffs.

JORDAN & WATSON, by brief, for defendants.

BLECKLEY, Chief Justice.

The facts are stated in the official report. Mrs. Hendley, in 1872, obtained a homestead in all of the realty of which her husband died seized. She applied for it both as the head of a family and as guardian for her minor children. There were various irregularities and omissions in the proceedings, but we treat them as substantially sufficient. We differ, however, with the court below in the construction of their legal effect. The constitution of 1868 and the statutes carrying the same into effect, gave the right of homestead both to the heads of families and to the guardians and trustees of minor children. Code of 1873, §§5135, 2002–2039. The husband of Mrs. Hendley having died after the homestead system was established, although his lands descended to her and the children as heirs at law, she might, according to several decisions of this court (see cases cited below), have taken a homestead as the head

of a family only; but she did not elect to pursue that course. She applied in both characters, to wit, as the head of a family and as guardian. We think the effect of so doing was to take a homestead in the former character in her own share of the land—her own undivided interest therein, and in the latter character in the shares of the children—their undivided interest as co-heirs with her. This construction gives effect to her whole act and makes her application consistent. No other that we can think of will harmonize the two characters in which she made the application and obtained the homestead. There is quite as much reason for holding that she got no homestead as the head of a family, as there is for holding that she got none as guardian. It appears from the petition that the minors have all attained their majority ; and this being so, the homestead in their behalf is terminated, and their respective shares in the property are now subject to their own control and no longer to her control. The homestead which she took as the head of a family still perhaps subsists, but it is restricted, as we have seen, to her undivided share in the property. The petition alleges that a partition in kind of the land cannot be made; and if so, we see no obstacle to rendering a final decree, at the proper time, to make partition by sale. For this purpose the petition is still pending, and we discuss the subject only for the purpose of expressing our dissent from the reasoning upon which the judge placed his denial of the injunction and the appointment of a receiver. While we overrule his reason, however, we leave his judgment to stand. For as these parties are all kindred, and as no great length of time will probably elapse until a final decree can be had, we think there is not such irreparable mischief to any of them likely to happen as to make such an extreme measure as the appointment of a receiver, etc. appropriate to the case.

As to the right of widow to take homestead as the head of a family, see *Hodo vs. Johnson*, 40 *Ga.* 439; *Faircloth vs. St. Johns*, 44 *Ga.* 603; *Raley vs. Ross*, 59 *Ga.* 862; *Gerding vs. Beall*, 63 *Ga.* 561; *Hodges vs. Hightower*, 68 *Ga.* 281; *Groover vs. Brown*, 69 *Ga.* 60; *Bridwell vs. Bridwell*, 76 *Ga.* 627; *Lee vs. Hale*, 77 *Ga.* 1; *Deyton vs. Bell*, 81 *Ga.* 370. In *Madden vs. Jones*, 75 *Ga.* 680, the right was limited to the distributive share of the widow, but the death of the husband occurred before the laws of descent were modified by the homestead system. As to the right of minor children to have homestead on separate application in their behalf, see *Roff vs. Johnson*, 40 *Ga.* 555.

Judgment affirmed.