IN THE

# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞,

## AT· MILLEDGEVILLE,

## MAY TERM, 1861.

PRESENT—JOSEPH H. LUMPKIN,  
RICHARD F. LYON, } JUDGES.  
CHARLES J. JENKINS,

---

BENJAMIN F. CHAMBERLAIN, plaintiff in error, *vs.* ED-WARD T. SHEFTALL, defendant in error.

A new trial will not be granted on the ground that the verdict is against the evidence, or, the weight of the evidence, if there be evidence enough to justify the finding.

Complaint, in ·Laurens Superior Court. Tried before Judge HANSELL, at April Term, 1860.

This was an action brought by Benjamin F. Chamberlain against Edward T. Sheftall, to recover the amount of four promissory notes for $50 00 each, dated 6th of February, 1857, due the 25th of December, 1857, with interest from date, and payable to the plaintiff.

To this action the defendant pleaded that the consideration of the notes sued on had failed.

From the evidence on the trial of the case in the Court below, it appeared, that Chamberlain sold to Sheftall a pair of chestnut sorrel ponies, warranting them, in writing, to be sound, for which Sheftall paid him in cash $200 00, and executed the notes sued on.

In behalf of the defendant it was shown by the evidence, that the horses were in possession of plaintiff in Irwinton, the 1st of February, 1857, and that two witnesses then saw and examined the ponies, the smaller of which they considered unsound; that at the time of the sale the smaller horse was unsound, according to the positive statement of one witness, who so stated at the time, and by one other witness who stated that he had the string halt; that in April or May, 1857, the smaller horse was sick once in Thomasville, and feeble for some time, and was deemed by a livery-stable keeper who had him in charge, unsound, and that at that time $300 00 was a fair price for both horses; that a livery-stable keeper in Florida had charge of the horses five or six weeks, during which time the smaller horse was sick twice, and was considered by the livery-stable keeper unsound and worthless in June or July, 1857; that in the winter of 1857 or spring of 1858, the smaller horse died of some internal disease, and not from neglect or over use.

In behalf of the plaintiff it appeared, from the testimony of several witnesses who was familiar with the horses, from the year 1854, and who saw them rode and driven, and who often rode after them, that the horses were uniformly sound, and healthy up to the time of the trade, so far as the witnesses knew, and that if anything was the matter with the horses the witness did not know it. One of the plaintiff's witnesses testified that the smaller horse was slightly string-halted on the day and at the time of the trade.

Upon this testimony the jury returned a verdict for the defendant.

Counsel for the plaintiff then moved for a new trial, on the ground that the verdict was contrary to law and evidence.

The Court refused the new trial, and that refusal is the error complained of.

J. R. COCHRAN, for plaintiff in error.

C. B. COLE, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The only question in this case is, whether the verdict was against the evidence.   We think that it was not.   The issue was as to the soundness of one of two horses sold and warranted by the plaintiff to the defendant, and for which the notes sued upon were given as part payment.   One witness, who was present at the sale, testifies that the horse was then unsound; two others, who saw the horse a few days before the sale, stated that it was then diseased; others, that it was subsequently unsound, and died of disease in the winter of 1857 or spring of 1858, in the possession of defendant.   One of them says the horse was worthless.   This was sufficient evidence to support the verdict, and when that is the case this Court will not disturb it, although the evidence be conflicting, unless the verdict should be strongly and decidedly against the weight of the evidence, and we do not think that it is so in this case, although it is sufficiently strong to have sustained the verdict had it been for the plaintiff rather than for the defendant.

Let the judgment be affirmed.