JOHN QUIN *et al.*, plaintiffs in error, *vs.* TABITHA GUERRY, defendant in error.

The evidence in this case being conflicting, a new trial was properly refused.

New trial. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

For the facts of this case, see the decision.

R. J. MOSES, for plaintiffs in error.

HENRY L. BENNING, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants as securities on a sheriff's bond. The jury found a verdict for the plaintiff for $279 69. A motion was made for a new trial, on the grounds that the verdict was manifestly against the weight of the evidence, and because it was against the law as given in charge by the court. The motion was overruled by the court, and defendants excepted. The charge of the court to the jury is not in the record. The plaintiff proved by two witnesses that the sheriff had collected the money for her, and said he would pay it to her when she wanted it; she told the sheriff she would not want it until the next Monday; this conversation was on Saturday. The sheriff died on Monday with the money in his hands; his death prevented the plaintiff from getting the money on Monday. A witness for defendant stated that plaintiff told him

that the sheriff had tendered her the money; she told him she did not need it then, but would call on him when she wanted it to buy corn and meat; was sorry she had not taken it when he offered it to her. The evidence was conflicting, and that was a matter exclusively for the consideration of the jury, even if the facts proved by the defendants' witness would, under the law, have discharged the defendants from their liability as sureties.

Let the judgment of the court below be affirmed.