CENTRAL OF GEORGIA RAILWAY COMPANY *v.* GRADY.

113 1045
114 453

113 1045
118 538
113 1045
125 361.

113 1045
130 796

1. Requests to charge which assume the truth of one side or the other of a controverted question of fact are properly refused.

2. When a charge sufficiently covers all of the material issues involved, failure to give specific instructions on a particular point is not cause for a new trial; nor is an unimportant inaccuracy in stating to the jury the contentions of the losing party.

3. A charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous by a failure to charge some other legal principle applicable to the case.

4. There was in the present case sufficient evidence to support the verdict, both as to liability and amount.

Argued June 7,—Decided July 22, 1901.

Action for damages. Before Judge Evans. Washington superior court. December 21, 1900.

*Lawton & Cunningham*, for plaintiff in error.
*O'Connor, O'Byrne & Hartridge* and *Twiggs & Oliver*, contra.

LUMPKIN, P. J. On March 31, 1897, a washout occurred on the line of the Central of Georgia Railway Company. One of its trains ran into the chasm thus occasioned, and Hugh Grady, the fireman on the locomotive, was seriously injured. He brought his action and obtained a verdict against the company for $7,000. It is now before this court upon exceptions to a judgment overruling its motion for a new trial.

1. Two grounds of this motion assign error upon the court's refusal to give in charge to the jury certain written requests of the defendant's counsel. In each of them the occurrence under investigation was referred to as "the accident." Whether it was or was not an accident was the most seriously contested issue in the case. Obviously, then, it was not erroneous to decline to give instructions which by their very terms assumed the truth of the affirmative of this issue.

2. In other grounds complaint is made of alleged omissions and

inaccuracies in charging with respect to the contentions of the defendant, and in failing to instruct the jury that the plaintiff assumed the risks incident to his employment. The charge contained a statement of the respective contentions of the parties, and of the law of the case, apparently full enough to cover all the material issues involved. If more detailed instructions as to the points relied on by the defendant were desired, they should have been specially requested; and if there was any inaccuracy at all in informing the jury what the defendant's contentions were, it was of minor importance.

3. While instructing the jury as to the amount of damages to which the plaintiff would, in the event of a recovery by him, be entitled on account of impaired capacity to labor, the court charged: "In ascertaining what his impaired condition is, you must look to the testimony and see what his earning capacity was, and what are his disabilities, if his injuries are temporary, if his capacity for labor is total or partial. All of these things should be taken into consideration in determining what amount, provided you find that he is entitled to recover." The exceptions to this charge embrace no complaint of its abstract correctness, but it is alleged to be erroneous because the court failed to charge various other principles which would have been appropriate. "A portion of a charge wherein a complete, accurate, and pertinent proposition is stated is not, in and of itself, erroneous simply because it fails to embrace an instruction which would be appropriate in connection with that proposition." *Lucas* v. *State*, 110 *Ga.* 756. See, also, *McIver* v. *Railway Co.*, 108 *Ga.* 306, 309; *Wood* v. *Collins*, 111 *Ga.* 32; *Keys* v. *State*, 112 *Ga.* 392; *Atlanta Railway Co.* v. *Walker*, Id. 725; *Macon Street Ry. Co.* v. *Barnes*, 113 *Ga.* 212.

4. The foregoing disposes of all the grounds of the motion for a new trial, except those which attack the verdict as being contrary to evidence, etc., and excessive. We have studied the brief of evidence closely and carefully, and have reached the conclusion that there was sufficient testimony to support the verdict, both as to liability and amount. The evidence did not, as the able, zealous, and eloquent counsel for the company so earnestly insisted, demand a finding that the catastrophe was attributable to a rain so sudden, violent, and unprecedented as to be necessarily characterized as the "act of God." There was testimony to show that the rains

had been heavy and almost continuous for weeks before the washout. In view of this fact, we are of the opinion that the evidence, taken as a whole, while it did not demand, at least warranted, a finding that the company did not exercise ordinary care in the matter of inspecting and looking after the saturated embankment in which the washout occurred, and also that the exercise of such diligence would have led to a discovery of its existence in time to give due warning thereof to those in charge of the train upon which Grady was at work.

We can not hold, as matter of law, that the verdict was for an amount too large. There were facts and figures to sustain it. On the whole, we discover no legal or valid reason for ordering a new trial.   *Judgment affirmed. All the Justices concurring.*