## WINN, administrator, *v.* BRIDGES.

1. An illiterate person may execute a bond conditioned to make title to land, by procuring another to sign his name in his presence to the instrument.

2. Seven years bona fide adverse possession, under a bond for title, with some of the purchase-money unpaid, is a good prescriptive title against everybody but the obligor and his privies. That the maker of the bond has no title or is in possession by permission makes no difference.

3. A charge which is abstractly correct is not rendered erroneous by a failure to charge some other legal principle applicable to the case.

4. It was not error to charge the jury: "A party might be informed that he is not getting title, and yet believe that he was; he might not accept the statement of the person undertaking to advise him about it,

32

and yet act in good faith in the purchase of the property; that is a question for you to decide."

5. Upon the death of a father, prior to the adoption of the constitution of 1868, leaving a widow and children, the land which he owned at the time of his death vested in them as tenants in common; and if in 1869 the widow, as the head of a family of four minor children, made application and had set apart to her as a homestead all the land left by him, the action of the ordinary in setting apart the interest of the children as a homestead was void. The children had an immediate right of action against their mother; and if she sold the land to another after they became of age, and such person bona fide entered into possession under the written evidence of title, and remained in adverse possession for more than seven years, he would acquire a prescriptive title against them. Such prescription would likewise prevail against the administrator of their father, who was appointed forty-three years after his death.

6. No substantial error of law was committed in the court's instruction, and the verdict is supported by the evidence.

JANUARY 11, 1916.

Complaint for land. Before Judge Edwards. Douglas superior court. December 31, 1914.

*J. S. James* and *J. R. Bedgood,* for plaintiff.

*W. T. Roberts* and *J. R. Hutcheson,* for defendant.

EVANS, P. J. This is an action by the administrator of John Newborn against the defendant to recover 60 acres of land. The evidence tended to show that the plaintiff's intestate died in possession of two lots of land, in the year 1864, leaving a widow, Mrs. Debaline Newborn, and ten children. Muniments of title were introduced, showing title in the intestate to two lots of land which embraced the premises in dispute. After the death of John Newborn his widow and some of their children remained on the two lots. In 1869 Mrs. Debaline Newborn applied and had set apart for herself and four minor children a homestead in both lots. In her application she represented that she was the head of a family consisting of herself and four minor children (who were not named), and prayed the setting apart of a homestead in the two lots of land, the ownership of which was not disclosed in her petition. She continued in possession of the premises in dispute until April 10, 1900, when she sold the same to the defendant, executing to him a bond conditioned to make him title on payment of the purchase-money. He contemporaneously paid a part of the purchase-money, and he entered into possession, built an inexpensive dwelling, and has lived on the land since the date of his purchase,

more than seven years before the institution of this action. Part of the purchase-money remains unpaid. Mrs. Debaline Newborn died in 1907. There was no administration on John Newborn's estate until the appointment of the plaintiff in December, 1907.

1. Mrs. Debaline Newborn was an illiterate. Her name to the bond for title was signed by her daughter-in-law, in her presence, and at her request, and by her delivered to the defendant. This was a good execution of the bond for title.

2. Seven years bona fide adverse possession under a bond for title, with some of the purchase-money unpaid, is a good prescriptive title against everybody but the obligor and his privies. That the maker of the bond has no title, or is in possession by permission, makes no difference. *Garrett* v. *Adrian*, 44 *Ga.* 274. The object of the law allowing title by prescription is to protect a defective title after seven years adverse possession. If the purchaser buys in good faith and goes into possession, thinking his title good, he is in adversely to the world, save his obligor and his privies. The administrator of the obligor's husband is not a privy, and the bond executed by Mrs. Newborn would serve as color of title upon which to base prescription.

3. Several excerpts from the charge of the court are complained of as being erroneous because the court failed to charge in connection therewith certain other principles applicable to the case. The charges are abstractly correct, and the court's failure in this respect does not render them erroneous. *Central of Georgia Railway Co.* v. *Grady*, 113 *Ga.* 1045 (39 S. E. 441).

4. The plaintiff introduced a witness who testified that he informed the defendant that Mrs. Newborn did not have title to the land. The defendant submitted evidence tending to show that he purchased the land from Mrs. Newborn, believing that she did have the title. With respect to that the court charged as indicated in the 4th headnote. This charge is not erroneous. The question of good faith of a prescriber is ordinarily one of fact, and under the testimony in the case it was proper to submit it to the jury.

5. When John Newborn died in 1864 his real estate descended to his heirs at law as tenants in common. His widow could have had her interest in these lands set apart to her as a homestead, but the ordinary had no power or authority to set apart to her as a homestead the interest of her children. As to them the act of the

ordinary in setting apart their interest to the mother as the head of the family was void. *Madden* v. *Jones, 75 Ga.* 680. It will be noted that the plaintiff's intestate died before the constitution of 1868 was adopted, and the rules of inheritance were not affected by the provision for the homestead contained in that constitution and in the legislation carrying the same into effect. *Fountain* v. *Hendley, 82 Ga.* 616, 623 (9 S. E. 666). The children of the plaintiff's intestate had an immediate right of action against their mother if she sold their land to the defendant; and if he bona fide entered into possession under written evidence of title, and remained in adverse possession for more than seven years, he would acquire a prescriptive title against them. Such prescription would likewise prevail against the administrator of their father, appointed 43 years after his death.

6. No substantial error of law was committed in the court's instruction, and the verdict for the defendant is supported by the evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*