### 6783. HILL v. THE STATE.

BROYLES, J. 1. A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions. *Lucas* v. *State*, 110 *Ga.* 756 (36 S. E. 87); *Central of Georgia Ry. Co.* v. *Grady*, 113 *Ga.* 1045 (3), 1046 (39 S. E. 441); *Keys* v. *State*, 112 *Ga.* 392 (4), 397 (37 S. E. 762, 81 Am. St. R. 63); *Rawlins* v. *State*, 124 *Ga.* 31 (16), 50 (52 S. E. 1).

(a) A charge in these words: "Also, you may consider; along with all the evidence in the case, the good character, if any has been proven, of the defendant, and also any testimony that may have been introduced as to the character of the deceased for violence; the question of character is a question for you to consider along with all the other evidence in aiding you to arrive at a just conclusion of this matter," was not erroneous because the court did not more particularly instruct the jury with reference to the law as to good character of the defendant, or with reference to the character of the deceased for violence. This charge sufficiently complied with the general request of the defendant to charge on this subject, and if any fuller or more specific instructions were desired, they should have been requested. *Keys* v. *State*, supra.

(b) This charge was not erroneous because it failed to state that evidence of good character alone might be sufficient to generate in the minds of the jury a reasonable doubt. *Maddox* v. *State*, 9 *Ga. App.* 488 (71 S. E. 498), and cases there cited. See also *Taylor* v. *State*, 17 *Ga. App.* 787 (88 S. E. 696, 698). Any ruling in *Taylor* v. *State*, 13 *Ga. App.* 715 (79 S. E. 924), to the contrary effect is at variance with the older adjudication by this court in the *Maddox* case just cited, and with the decisions of the Supreme Court in *Fordham* v. *State*, 125 *Ga.* 791 (54 S. E. 694), and *Brazil* v. *State*, 117 *Ga.* 32 (43 S. E. 460), and on review is hereby overruled.

(c) As the defendant requested the court generally to charge upon the subjects of the good character of the defendant and the character for violence of the deceased, coupling them together in one request, it was not error for the court to give both of these charges in the same connection; and further, it is not shown that by so doing any injury was done to the defendant.

2. On a trial for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in section 65 of the Penal Code, to fail or refuse to charge in immediate connection therewith as to the right of the jury to consider words, threats, or menaces in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person. *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573); 18 *Ga. App.* 70 (88

S. E. 902). The question here ruled upon was certified by this court to the Supreme Court, and answered in the case cited.

3. There is no merit in the assignment of error that sections 70 and 73 of the Penal Code were given in charge together and in immediate connection with each other, without any explanation. An examination of the charge discloses that these sections were not charged in immediate connection with each other.

4. The other grounds assigning error upon the charge are without substantial merit.

5. The evidence authorized the verdict of voluntary manslaughter; and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED JUNE 23, 1916. REHEARING DENIED JULY 6, 1916.

Indictment for murder—conviction of manslaughter; from Haralson superior court—Judge Bartlett. June 29, 1915.

*Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson,* solicitor-general, *C. B. Weatherly,* contra.