### 8598. KILLIAN *v.* THE STATE.

GEORGE, J.   1. The court charged the jury that "Assault with intent to
murder may be defined as an assault without justification and without
any circumstances of mitigation, made by one person upon another,
with a weapon in its nature likely to produce death, with the specific
intent at the time unlawfully to take away the life of the person as-
saulted." *Held:* This instruction is not subject to the exception that
it excludes the necessary ingredient of malice; nor is it error because the
court failed to define legal malice. Malice, in its application to the law
of homicide, means the intent to take life without legal justification,
excuse, or mitigation. If a killing take place as intended and if the
killing is without justification, excuse, or circumstance of mitigation,
legal malice exists, and the homicide is murder. *Caudle* v. *State,* 7
*Ga. App.* 848 (68 S. E. 343).

2. A correct statement of the law applicable to the case is not erroneous
because the court failed in the same connection to give to the jury
other and further instructions. *Hill* v. *State,* 18 *Ga. App.* 259 (89 S. E.
351), and cases there cited.

3. In the trial of a criminal case the failure of the court to instruct the
jury in express terms that they are the judges of the law and of the
facts, that the law is to be taken from the court, and that, in weigh-
ing the testimony of the witnesses, their interest or want of interest,
knowledge or want of knowledge, etc., is to be considered, is not re-
versible error, where no appropriate request was made for such in-
structions, and where the court correctly charged the law of the case
and submitted the issue to the jury. The court in this case fairly in-
structed the jury with reference to the weight and credit to be given
to the defendant's statement.

4. The further portions of the charge, defining the offense of stabbing,
and submitting the question thereof to the jury, are without substantial
merit. The defendant was indicted for assault with intent to murder
by wilfully and feloniously stabbing another with a knife, and the evi-
dence is sufficient to support the verdict. The court did not err in
overruling the motion for a new trial.

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
> DECIDED APRIL 21, 1917.

Indictment for assault with intent to murder; from Floyd supe-
rior court—Judge Wright. March 7, 1917.

*John W. Bale,* for plaintiff in error.

*C. H. Porter, solicitor-general,* contra.