### 9101.  CONKLIN *v.* THE STATE.

1. A mere general assignment that a portion of a charge to the jury is error presents nothing for the consideration of this court, except as to its abstract correctness.  A correct statement of law embraced in a charge is not erroneous because the court failed in the same connection to give the jury additional instructions.

2. The charge of the court on the weight to be given to, the defendant's statement was sufficient, in the absence of a request for further instructions.

3. The charge of the court on the subject of alibi was not subject to the criticisms made thereon.

4. The court did not err in overruling the motion for new trial.
DECIDED DECEMBER 12, 1917.

Indictment for burglary; from Fulton superior court—Judge Hill.  July 7, 1917.

H. R. Conklin was convicted of the offense of burglary, and a new trial was denied.  The evidence shows that on the afternoon of May 22d he entered the office of the Western Union Telegraph

Company at 406-A Peachtree street in the city of Atlanta, supposedly for the purpose of using the telephone; he said that he could not get his number, and walked out. While in this office he could get a view of the typewriter, which was behind the counter. The same night a Mrs. Mott, in charge of this office, left the office with both the front and the rear doors locked, and the typewriter in its accustomed place. The following morning, on arriving at the office, she found that the typewriter was gone, and the rear door was unlocked. The typewriter was an Underwood machine, marked "406-A Peachtree Branch." On the morning following the burglary, about 5:30 or 6:30 o'clock, one Jacobs, a dealer in second-hand typewriters and other articles, received a telephone message from this defendant to the effect that a typewriter was in a car at the rear of witness's home on Washington street. Witness found the typewriter, an Underwood marked "406-A Peachtree Branch," in the car as he was directed, and took it to his brother's store at 120 Decatur street. Believing the machine to have been stolen, Jacobs called up the detective department. An officer who arrived in response to the call telephoned to the Western Union office, and was informed that the office had been burglarized in the preceding night. Jacobs further testified that while at home at lunch on the same day, he received another telephone message from the defendant, asking how much he was going to give the defendant for the typewriter. They agreed on $7.50. Witness instructed defendant to meet him at 317 Capitol Avenue; defendant met him there, and together they were walking up the street when the defendant was arrested by a detective. Witness stated that defendant had come there for the $7.50 which was agreed upon as the price of this typewriter. He further testified that at some time prior to this occasion defendant had sold him a lady's watch and ring, and at the same time asked him if he could use a typewriter. The evidence further strongly indicates that the defendant was in possession of a skeleton key on the day after the burglary, at the time of his arrest, and the key fitted the door entered on the night before. The defendant attempted to establish an alibi through the testimony of one Durham, who stated that the defendant had spent the night of May 22d at witness's home; that witness and defendant retired about 11:30; that some time early the next morning he saw the defendant asleep on the

cot prepared for him; and that the defendant left his home about six o'clock in the morning.

*J. A. Crouch, Arminius Wright,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

HARWELL, J. 1. The first ground of the amendment to the motion for new trial complains of a certain excerpt from the court's charge to the jury on the burden of proof and on the presumption as to the innocence of the accused. There is no specific exception to this excerpt, the ground simply alleging that "the court erred in giving the following charge," and that "the court should have charged as follows:" then setting out a charge on the subject of presumption of innocence. The excerpt from the charge excepted to, and that suggested by the movant, are both in the abstract correct. A mere general assignment that a charge is error presents nothing for the consideration of this court, except as to its abstract correctness. *S. A. L. Ry.* v. *Barrow,* 18 *Ga. App.* 261 (3) (89 S. E. 383), and citations. Neither is such excerpt erroneous because the court, as movant contends, should have given some further charge in connection therewith. *Hill* v. *State,* 18 *Ga. App.* 259 (89 S. E. 351), and citations; *Killian* v. *State,* 19 *Ga. App.* 750 (2) (92 S. E. 227). A ground of a motion for a new trial should be complete in itself. If the excerpt from the charge of the court, generally excepted to, be wholly erroneous, then, as all error is presumably prejudicial, this court will further consider the matter by examining the record for the purpose of ascertaining whether or not the party complaining has really been injured by the giving of such instruction. But when the excerpt to which a general exception is taken is abstractly correct, then the investigation here must end. *Anderson* v. *So. Ry. Co.,* 107 *Ga.* 501 (4), 511 (33 S. E. 644).

2. The judge in his charge instructed the jury that they might believe the statement of the defendant in preference to the sworn testimony in the case, if they saw proper to do so. If counsel desired further instruction on the defendant's statement, they should have requested it; and the failure of the court to charge further on this subject was not reversible error. *Pitts* v. *State,* 114 *Ga.* 35 (3) (39 S. E. 873). The evidence authorized the verdict, and the judgment will not be disturbed.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*