### 16942. PEEK *v.* THE STATE.

BROYLES, C. J. 1. Grounds 1 and 2 of the amendment to the motion for a new trial are without merit.

2. The evidence adduced to convict the accused not being wholly circumstantial, the court did not err in failing to charge the law of circumstantial evidence, as no written request for such a charge was presented to the court.

3. Error is assigned upon the following charge to the jury: "He [the accused] offers evidence of good character, and the court instructs you that in reaching a conclusion about this case you are to consider the evidence of good character along with all the other evidence in the case, and give to it whatever weight that you may believe that it is entitled to in arriving at a verdict in the case. The law says that such evidence is substantive evidence, and is entitled to just such weight as the jury sees fit to give it, along with the other evidence in the case." This charge was not erroneous, either because the court did not explain the statement, "The law says that such evidence is substantive evidence," or because the court failed to charge that evidence of good character "may of itself, by the creation of a reasonable doubt, produce an acquittal," or for any other reason assigned. *Keys* v. *State,* 112 *Ga.* 392 (5) (37 S. E. 762, 81 Am. St. R. 63); *Hill* v. *State,* 18 *Ga. App.* 259 (1 *a, b*) (89 S. E. 351), and citations.

4. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

    *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 12, 1926. REHEARING DENIED FEBRUARY 4, 1926.

Aiding escape; from Cobb superior court—Judge Blair. October 31, 1925.

Application for certiorari was denied by the Supreme Court.

*Fred. Morris, H. B. Moss,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.