### 18665.   THOMAS v. THE STATE.

1. Where a person has no warning of any kind that he will need a pistol for self defense, and no reason is shown for his having a pistol, and he arms himself with a pistol in violation of the law, and goes to another's house, and deliberately makes a remark that will ordinarily provoke a difficulty, and, after provoking the difficulty and being struck by his adversary, he points the pistol in the direction of his adversary, and fires it from his side-pocket, it is not unreasonable for the jury to conclude

Criminal Law, 16 C. J. p. 1059, n. 39; 17 C. J. p. 255, n. 53.
Homicide, 30 C. J. p. 318, n. 96; p. 355, n. 73.

that he started out looking for trouble, and that the intent to use the deadly weapon existed before the provocation therefor; even had the provocation been sufficient to justify the use of a deadly weapon.

2. The excerpts from the charge of which complaint is made are not subject to the exception that they omit "the essential element of said offense, to wit, ' actuated with malice either express or implied.' " "The specific intent to kill unjustifiably constitutes legal malice, whether death results or not. And where an assault is made with a deadly weapon, or a weapon likely to produce death, with a specific intent to kill, the jury are authorized to infer the existence of malice in the assault."

3. The State's case not depending wholly on circumstantial evidence, and there being no written request to charge on this subject, the failure of the court so to charge was not error.

4. The evidence authorized the verdict, and no reversible error of law is shown.

DECIDED MARCH 7, 1928.

Assault with intent to murder; from Randolph superior court— Judge Yeomans. November 18, 1927.

*C. W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

LUKE, J. The defendant Lozell Thomas was convicted of assault with intent to murder one J. O. McFather, and assigns error on the overruling of his motion for a new trial. Counsel for the plaintiff in error intimates that there was prejudice in the trial against the defendant because he was a negro, as counsel says that nominally the case originated as the · State of Georgia against Thomas, but figuratively it developed into the case of McFather, white landlord, against Thomas, negro share-cropper, and resulted against the negro. We have searched the record diligently and find nothing to indicate this. While of course there should be no miscarriage of justice or prejudice against the defendant because of his being a negro, still there should be no favoritism shown him because of this fact; and the evidence in this case shows bad conduct, regardless of who was guilty of it. The trial judge did not believe that the twelve jurors, who were under oath, were prejudiced, and this court will not, under this record, say that they were. The evidence shows that the defendant Thomas worked for McFather on shares or halves; the control of the premises under such agreement being in the owner, McFather; that the defendant had two days in which to haul wood for himself, but on the third day, when it was dry enough to plow, he came to McFather's house, apparently to get a mule to haul wood. McFather

told him that he could not haul wood, that he wanted him to plow, that he had two days to haul wood; the defendant replied that "he want going to plow for anybody until he hauled some wood;" and then (McFather testified), "I grabbed up a chinaberry stick and hit him with it, and he throwed up his arm this way, and I struck him on his arm, and right after this the pistol went off. It was just a small stick, about the size of a walking stick, it was a chinaberry sprout. No, sir, it was not big enough to do any harm to a person; you could not kill anybody with it, I don't think. He warded off the stick with his left hand." Another witness testified that the stick was just "a small chinaberry sprout," and that the defendant "Lozell Thomas throwed his left hand up, jumped back and run his hand in his side-pocket this way. He motioned his hand towards J. O. McFather, just that way,—that is in the direction of J. O. McFather, and the pistol fired then from that pocket. It fired in the direction of J. O. McFather. The firing was made in the direction of J. O. McFather; it was right towards him; he run his hand in his pocket this way and the pistol fired. Lozell Thomas then turned and run." The defendant in his statement claimed that McFather hit the pistol in his pocket and caused it to fire; but there was ample evidence to show that McFather struck the defendant only once, and that was on the left arm, while it was up, and the defendant shot the pistol from his pocket. The defendant made no explanation of why he carried the pistol there with him.

Counsel for the plaintiff in error insists that the criminal intent essential to the commission of the crime was not shown. The intent is evidenced by what the defendant did. It is shown by the fact that he deliberately armed himself with a pistol before going to McFather's house, by his having it arranged so that he could shoot it from his pocket, by his making a remark that he knew, from human experience, would ordinarily provoke trouble, and making the remark with the knowledge that he was fully armed; and finally by pointing the pistol in the direction of McFather and shooting from his pocket. Where a person has no warning of any kind that he will need a pistol for self-defense, and no reason is shown for his having a pistol, and he arms himself with a pistol in violation of the law, and goes to another's house, and deliberately makes a remark that will ordinarily pro-

voke a difficulty, and, after provoking the difficulty and being struck by his adversary, he points the pistol in the direction of his adversary and fires it from his side-pocket, it is not unreasonable for the jury to conclude that he started out looking for trouble and that the intent to use the deadly weapon existed before the provocation therefor, even had the provocation been sufficient to justify the use of a deadly weapon. This ruling relates solely to the sufficiency of evidence to show intent, and does not conflict with a person's right to defend himself against the use of a deadly weapon in the hands of his assailant.

Counsel for the plaintiff in error insists that the stick used by McFather was a weapon likely to produce death, and that therefore the defendant was justifiable in firing the pistol. This was a question of fact for the jury, and from their verdict they evidently concluded that the stick was not such a weapon, and there was ample evidence to support this conclusion.

The motion for a new trial alleges that the court erred in the following excerpts from the charge: "An assault with intent to murder is an assault with an instrument that, in the manner it was used at the time, was a weapon that is likely to kill, and under circumstances that if death had resulted from such assault it would have been murder and an assault also with the intention on the part of the assailant at the time of the assault to kill and murder the person assaulted." "If you believe, beyond a reasonable doubt, that this defendant Lozell Thomas, in the county of Randolph, State of Georgia, at any time within four years prior to the date of the finding and return of this bill of indictment into court, did assault J. O. McFather, the person named in the bill of indictment, in the manner charged, that is, with a pistol, and that the pistol, in the manner used at the time, was an instrument likely to kill, that it was an assault without mitigation or justification, and that it was done by the defendant at the time of the assault with the intention to unlawfully kill and murder J. O. McFather, and that if death had resulted from such assault it would have been murder, and you believe that beyond a reasonable doubt, then in that event you would be authorized to find the defendant guilty of assault with intent to murder, as charged in the bill of indictment." These excerpts are alleged to be error because they omitted the words "actuated with malice either express or implied."

By reference to the charge we find that the court charged the jury fully on the law of murder, and on malice, and also that "the intent to kill is a necessary ingredient of the offense of an assault with intent to murder." Therefore the jury's verdict was rendered in the light of these instructions as to malice and intent. Furthermore, these excerpts are not subject to the exception that they omit "the essential element of said offense, to wit, actuated with malice either express or implied." See *Killian* v. *State,* 19 *Ga. App.* 750 (92 S. E. 227). The jury were instructed not only on the question of intent, but also on justification, and passed on these questions of fact, and "the specific intent to kill unjustifiably constitutes legal malice, whether death results or not. And where an assault is made with a deadly weapon likely to produce death, with a specific intent to kill, the jury are authorized to infer the existence of malice in the assault." *Shelton* v. *State,* 11 *Ga. App.* 148 (74 S. E. 846).

The motion complains also of the court's failure to charge on circumstantial evidence. The State's case did not depend wholly on circumstantial evidence, and there was no request to charge on this subject; therefore the failure so to charge was not error. *Nobles* v. *State,* 127 *Ga.* 212 (5) (56 S. E. 125).

The next ground of the motion alleges that the plaintiff in error "should be granted a new trial for the reason that the verdict is contrary to law and against the evidence, and the evidence did not authorize the verdict," stating the reasons. This, in substance, is a repetition of the general grounds.

The evidence authorized the verdict, no reversible error of law is shown, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*