### 20689. THRASH *v.* WOOD.

HAWKINS, Justice. On June 30, 1958, J. P. Thrash filed an action against Frank Wood, in Troup Superior Court, seeking damages (alleged to have occurred as a result of the defendant having erected a barbed wire fence parallel with the east wall and 18 feet from a building in which he had operated a garage for 25 years, at the corner of Main and Carleton Streets, in Mountville, Troup County, Georgia, thus interfering with ingress and egress to and from his garage); and an injunction to prevent a continuing trespass, nuisance, and obstruction of passage in and out of entrances to his building and lot on Carleton Street. The petition as amended alleges: that the plaintiff is in legal possession of a brick store building and lot in Mountville, Georgia, bounded on the east by Carleton Street, south by Main Street, west by lot of G. I. Wells, and north by lot of J. D. Fuller, as a tenant at will of his uncle, G. E. Thrash, which lot fronts 30 feet on Main Street and extends in a northerly direction for a distance of 100 feet, being 30 by 100 feet in size; that, on June 22, 1958, the defendant

erected a certain barbed wire fence approximately 18 feet east of said building, which extends the entire length of the building and on past the grease rack thus making it impossible to get cars and trucks in and out of the plaintiff's shop and grease rack, due to the nearness of said fence to the building; that Carleton Street is a public street in the incorporated town of Mountville, having been used by the general public for 50 years, and is the plaintiff's only means of ingress and egress in the prosecution of his business; that the fence was erected by the defendant in Carleton Street without any lawful authorization from the municipality of Mountville or the Board of Roads and Revenues of Troup County, Georgia. Attached to the petition, and made a part thereof, is a drawing showing Carleton Street to be approximately 83 feet in width at the front of the store building or garage, at Main Street, the east side of the street running in a northwest direction, while the west side runs approximately due north, along the east side of the building, resulting in the street being only 23 feet wide at the old M. & B. Railroad bed. A rule nisi was issued and the defendant was restrained and enjoined from obstructing passage into the plaintiff's property.

The defendant filed an answer, in which he denied the material allegations of the petition, and alleged that he was the owner of the real estate upon which the fence was constructed, and that the plaintiff was a trespasser thereon. In support of his answer he tendered in evidence his deed, executed May 6, 1958. The deed recites:

"Mrs. Jean Clark Fuller duly constituted administratrix of the estate, both real and personal of Bryant Fuller late of Troup County, deceased, by virtue of an order of the Court of Ordinary of Troup County, granted at the regular April term, 1958, of said court (notice of application for said order having been previously published in terms of the law), after advertising the same for sale, in terms of the law, did, on the first Tuesday in May, 1958, within the legal hours of sale, put up and expose for sale at public outcry, before the courthouse door at LaGrange, in the County of Troup, the real estate hereinafter described, when same was knocked off to Frank Wood, of the County of Troup, being the highest bidder, at the price of $325. Now, for and consideration of the sum of $325, cash in hand paid by the said Frank Wood (the receipt whereof is hereby acknowledged), the said Mrs. Jean

Clark Fuller as administratrix as aforesaid, have granted, bargained and sold, and do, by these presents grant, bargain and sell (so far as the office of administratrix authorized her) unto the said Frank Wood the following described real estate, to-wit: All that tract or parcel of land situate, lying and being in the County of Troup, State of Georgia, bounded on the north by Macon and Birmingham Railroad, east by Evans Street, south by Main Street, and west by Carleton Street. About one hundred forty (140) feet by two hundred twenty (220) feet in the shape of a parallelogram."

Two other deeds in the defendant's chain of title were introduced in evidence, one executed November 23, 1918, from Farmers Cotton Oil Co., Inc., of LaGrange, Ga., to Bryant Fuller, of Mountville, Ga., and the other executed October 4, 1910, between Olin Carleton, grantor, and Farmers Cotton Oil Company of LaGrange, a corporation, grantee, both of which described the property as "lying and being in the County of Troup, State of Georgia, bounded on north by Macon and Birmingham Railroad, east by Evans Street, south by Main Street, and on the west by Carleton Street, about 140 feet by 220 feet in shape of parallelogram."

The plaintiff called the defendant for the purpose of cross-examination, and he testified: "I claim title to the land involved by reason of a deed. I have the deed with me. The description in the deed is: All that tract or parcel of land situated now in the County of Troup, State of Georgia, bounded on the north by Macon and Birmingham Railroad, east by Evans Street; south by Main Street, and west by Carleton Street, about 140 feet by 220 feet, in the shape of a parallelogram, that is the property."

Mrs. Jean Fuller testified that she was the widow of Bryant Fuller, who died May 1, 1948, and at his death he was in possession of the property known as the gin-house property; "this picture you are showing me represents the gin house lot that Mr. Fuller owned at the time of his death"; that she was administratrix of his estate, familiar with the area surrounding the gin house, and the land on which it was located; that, during ginning season and through the year when this gin house was in existence, cars, trucks, cotton trucks, and patrons were constantly parked there; that "There was no road way through there which had been dedicated by Mr. Fuller." She

also testified that after Mr. Fuller's death and while she was in charge of his estate, "I went to Mr. Thrash with reference to parking cars on this property . . . Mr. Thrash said he had not paid any rent in the past and he was not going to pay any now. He claimed at that time, that is in 1948, that this was a public road. I did ask him for the rent on the property and he refused to pay it. Mr. Fuller was in possession of this property for a long number of years. . . I exercised domain over the property at the time while I was in possession of the property up until I conveyed it to Mr. Wood."

A picture of the property showing the cotton gin, designated in the record as defendant's Exhibit "C", was identified by the defendant, who testified that it was made in 1942; that cotton was ginned there until Bryant Fuller's death, in 1947 or 1948. Dan Fuller, a witness for the plaintiff, identified the picture referred to above, and testified that he ran the gin for Farmers Cotton Oil Company for four years; that this was a picture of the cotton gin at ginning time; that vehicles, loaded with cotton, parked all over the whole area, but they were not blocking the road; that the road was always open where they could get down to the depot. Emmett Adams, another witness for the plaintiff, testified that it had been about 13 or 14 years since they ginned any cotton at this gin. Roswell Keith testified, as a witness for the plaintiff, that it had been 10 or 15 years since they ginned any cotton there. Eugene Mote testified that the cotton gin existed in 1946; that vehicles patronized the gin and parked around the cotton gin.

Dan Fuller also testified that he was 74 years of age, had lived in Mountville 66 years; that Carleton Street is the one that goes down beside the brick store; as to how long it had been opened for travel, . . . "just after they used the box car and the depot was built, was in 1893, I think. Then they had Carleton," a public street; that when Mr. Olin Carleton was mayor, he was on the council; after Mr. Olin Carleton left, Mr. Hightower was mayor and he was still on the council; that, as to road equipment, the town had a scoop, and one year the town had Mr. John Strickland, of Chipley, come up and work all the streets, that he worked Carleton Street from Main Street down to the depot; that Carleton Street was a public street, laid out by Mr. Carleton (the record disclosing that Mr. Olin Carleton was a predecessor in title to the defendant, and also signed a deed dated August 27, 1898, along

with A. M. Carleton, as heirs of J. N. Carleton, conveying the store building property, 30 by 100 feet, referred to in the petition, to C. W. Smith, both of the deeds he signed reciting that each piece of property was bounded by Carleton Street). While Mr. Fuller referred to Carleton Street, when it was laid out as being "little," and "A little 10-foot strip," he also testified that, in addition, there was a sidewalk along the side of the brick store building; that Carleton Street "started at what we call Main Street and went all the way down to the depot. They hauled all of the mail down there on this road." Mr. Fuller further testified that he could not remember how long it had been since Mountville had any public officials, "thirty or forty years ago, I do not remember."

Charlie Whitaker, County Superintendent of Roads, testified: "I would say that we have scraped this Carleton Street since 1954." It was stipulated that Mountville was incorporated in 1898 (Ga. L. 1897, p. 274), and that the charter had never been surrendered.

The trial resulted in a verdict in favor of the defendant. The exception is to the denial of a motion for new trial, based on the usual general grounds and two special grounds *Held*:

1. As we view this case, the real issue is the width of Carleton Street, in Mountville, Troup County, Georgia, between the property of G. E. Thrash on the west and the property of Frank Wood on the east, the deed to the Thrash property showing that it is bounded on the east by Carleton Street, and the deed to the Wood property showing it is bounded on the west by Carleton Street. There is evidence to the effect that the street is from 8 to 83 feet wide at Main Street, at the southwest corner of defendant's property, and 8 to 23 feet wide at the Old M. & B. Railroad bed, at the northwest corner of defendant's property. When the fence was erected by the defendant, he evidently conceded that Carleton Street was approximately 18 feet wide, and contended that he was only fencing in his property, which southwest corner area, up to some ten or fifteen years ago, had been used for parking in connection with the operation of a cotton gin located on that town block of land, and had since been used by the plaintiff, who refused to pay rent, in connection with the operation of his garage. While a property owner who permits customer vehicular parking on his land in connection with the opera-

tion of his business should not be penalized by a taking of his property on the theory that he had made a dedication to the public where there was no intent on his part to do so (*Lowry* v. *Rosenfeld*, 213 *Ga.* 60, 63 (2), 96 S. E. 2d 581), nor would such a permissive use of his property by the general public, for a period of twenty years or more, result in a prescriptive right permitting the public to continue using the property after the owner ceases the operation of his business (*Dunaway* v. *Windsor*, 197 *Ga.* 705, 706 (11), 30 S. E. 2d 627) —yet it is an equally well established rule that an adjoining property owner should not be permitted to appropriate to his own exclusive use any part of a public street or road which has not been abandoned. *Mayor &c. of City of Savannah* v. *Barnes*, 148 *Ga.* 317 (2), 320 (96 S. E. 625). Thus, in this case, the jury was called on to decide whether the fence erected by the defendant 18 feet east of the plaintiff's garage building was in the street, as contended by the plaintiff, or was on the defendant's property, as contended by him. The jury has resolved that issue in favor of the defendant, and, there being some evidence to support the verdict, the general grounds of the motion for a new trial are without merit. *Chamberlain* v. *Sheftall*, 32 *Ga.* 567; *Quin* v. *Guerry*, 51 *Ga.* 466; *Farlow* v. *Brown*, 208 *Ga.* 646, 648 (3) (68 S. E. 2d 903); *Powell* v. *Powell*, 210 *Ga.* 20 (77 S. E. 2d 441).

2. The first special ground of the motion for a new trial complains that the trial judge erred in admitting in evidence the deed from the estate of Bryant Fuller to the defendant, Frank Wood. It is contended that the admission of this deed was error because the evidence was material, prejudicial, and hurtful to movant, in that he had alleged in his declaration that the defendant had no legal right to erect a fence, fencing in a public road and depriving plaintiff of egress and ingress to his place of business, and that "defendant's only claim to any such legal right rested solely in said void deed," it being urged that the description in the deed conveyed no title to anything. "A deed to land will not be declared void for uncercertainty of description, if the description is certain, or if it furnish the key to the identification of the land intended to be conveyed by the grantor." *Swint* v. *Swint*, 147 *Ga.* 467 (2, 3) (94 S. E. 571). It will be noted that the description locates the property as being in Troup County, Georgia, and shows

the size to be "About one hundred forty (140) feet by two hundred twenty (220) feet in the shape of a parallelogram." Its boundaries are described as being the Macon & Birmingham Railroad on the north, Evans Street on the east, Main Street on the south, and Carleton Street on the west. The deed refers to the fact that the land was advertised for sale by the administratrix, after having been authorized to do so by the Court of Ordinary of Troup County. The record discloses that Frank Wood, the defendant, claims to be the owner of a tract of land in the town of Mountville, Troup County, Georgia, as described above. Therefore, under the decision of this court in *Deaton* v. *Swanson*, 196 *Ga.* 833 (1) (28 S. E. 2d 126), the description is sufficient. Accordingly, the trial judge did not err in overruling this ground of the motion for a new trial.

3. Special ground 2 of the motion for a new trial complains of that portion of the charge of the court dealing with the establishment of a public street by prescription, and in particular that the court erred in charging the jury that, in order to create this public street by prescription, the town of Mountville would have had to work it for twenty years, upon the ground that the charge was confusing and misleading to the jury, and erroneous because tantamount to the direction of a verdict for the defendant, because there was no evidence that the town authorities of Mountville had worked or maintained any road or highway in the town for more than twenty years. The charge complained of is not misleading or confusing, and was properly adjusted to the evidence. There is testimony that Carleton Street was used by the public before the town was incorporated, and it was stipulated that Mountville was incorporated in 1898. While there is testimony indicating that the town has had no mayor and council for the last "thirty or forty" years, yet it will be seen that from 1898 to May 5, 1959, the date of this trial, there was a period of 20 years over and above the thirty to forty year period referred to above, during which time the town did have public officials, who, the evidence discloses, had this street worked. Therefore, it was not error to overrule this ground of the motion for a new trial. *Dunaway* v. *Windsor*, 197 *Ga.* 705, 711 supra; *Central of Ga. Ry. Co.* v. *Grady*, 113 *Ga.* 1045 (3) (39 S. E. 441); *Winn* v. *Bridges*, 144 *Ga.* 497 (3) (87 S. E. 665).

*Judgment affirmed. All the Justices concur.*

Submitted November 9, 1959—Decided January 8, 1960.

*W. S. Allen, Wilson P. Darden,* for plaintiff in error. *Wyatt & Morgan, James R. Lewis,* contra.